United States District Court
Southern District of Texas

**ENTERED**

February 10, 2020

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| ANA PATRICIA SEQUERIA REYES | § § § § § | |
| Plaintiff, | § § | |
| V. | § § | CIVIL ACTION NO. H-18-3971 |
| KIRSTJEN NIELSEN, Secretary, Department of Homeland Security, UNITED STATES OF AMERICA | § § § § § | |
| Defendants. | | |

## MEMORANDUM AND RECOMMENDATION

Before the Magistrate Judge, upon referral from the District Judge, is Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (Document No. 6). Having considered the Motion, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) be GRANTED, and Plaintiff's Complaint be dismissed with prejudice.

### I.  Background and Allegations

Plaintiff Ana Patricia Sequeria Reyes filed the instant action seeking review of her expedited removal from the United States to her home country of Nicaragua, which she claims violated the Administrative Procedures Act ("APA"), and the Declaratory Judgment Act. She seeks a writ of mandamus compelling Defendants to set aside their order for expedited removal and to return Plaintiff to the United States so that she may pursue her I-589 Application before an Immigration Court.

In her Complaint,[1] Plaintiff alleges that she is a native and citizen of Nicaragua.  (Document No. 1, ¶ 7 & Exhibit 1: Notice to Appear).  On or about March 9, 2018, she was arrested and placed in custody on suspicion of being in the country illegally. (Document No. 1, ¶ 8 & Exhibit 2: I-831). While in custody, Plaintiff was interviewed and she "allegedly stated that she had no fear of returning to her home country."  (Document No. 1, ¶ 9 & Exhibit 3: I-867A & I-867B).  Plaintiff alleges that the credible-fear interview results were misleading because "she does have a fear of returning to Nicaragua."  Plaintiff alleges that, as an Evangelical Christian, she is targeted in Nicaragua, and that at age twelve, she relocated in El Salvador.  Plaintiff alleges that she witnessed "the murder of her neighbors by two members of an El Salvadoran gang in June of 2014", and "lived in shock and terror and was unable to go to the police for fear that she might alert the attention of this gang and be murdered."  Plaintiff alleges she "has reason to believe" that she was "being watched."  (Document No. 1, ¶ 16-19). Plaintiff "claims to have informed the Officers who interviewed about these facts, but none of it is evident in the evidence submitted by the Department of Homeland Security." (Document No. 1, ¶ 20).   Following this interview, on March 10, 2018, "[a]n Order of Expedited Removal was issued against Plaintiff" and she was removed to Nicaragua. (Document No. 1, ¶ 10, 12, & Exhibit 4: Notice and Order of Expedited Removal).  Plaintiff states

---

[1] Attached as Exhibits to Plaintiff's Complaint are Exhibit 1: Notice to Appear dated July 20, 2018; Exhibit 2, I-831 Report of Investigation dated March 9, 2018 in "Alien Smuggling Case"); Exhibit 3, I-867 A & B Record of Sworn Statement in Proceedings under Section 235(b)(1) of the Act; Exhibit 4: Notice and Order of Expedited Removal dated March 10, 2018; and Exhibit 5: Motion to Terminate in Removal Proceedings; and Exhibit 6: Order on Motion to Terminate in Removal Proceeding.  The Court may consider any documents attached to the complaint and any documents attached to a motion to dismiss that are central to the claims referenced by the complaint.  *See Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387(5th Cir. 2010).  The Magistrate Judge has, therefore, considered the documents attached to the Complaint.

that, "within 10 days" of her removal, she "was approached by men who threatened her" and "she and her children live in isolation.  They are afraid to venture outside and feel detached from the rest of society." (Document No. 1, ¶ 19).  Plaintiff alleges that, because she had been issued a Notice to Appear ("NTA"), she should not have been removed, and instead, should have been allowed to pursue "a claim of Asylum and Withholding of Removal" before an Immigration Judge. (Document No. 1, ¶ 11-12). According to Plaintiff, after her removal, the Department of Homeland Security moved to dismiss the NTA without prejudice and to terminate Plaintiff's Removal Proceedings, noting that Plaintiff had been "processed for expedited removal and was removed" and that the Notice to Appear had been "improvidently issued," citing Plaintiff's arrest report.  (Document No. 1, ¶ 13-14 & Exhibit 5: Motion to Terminate).  The Immigration Judge entered an Order granting the Motion to Terminate.  (Document No. 1, ¶ 15). Defendants seek dismissal of all of Plaintiffs' claims.  Defendants argue that the Court has no jurisdiction to review an expedited removal order and that Plaintiff's claims relating to her Credible-Fear interview fail to allege sufficient facts to state a plausible cause of action. The Magistrate Judge agrees.

II.  Applicable law

Fed.R.Civ.P.  12(b)(1) allows a party to move for dismissal of a complaint for lack of subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005)(citation and internal quotation marks omitted). "The district court 'has the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed

facts.'" *Stiftung v. Plains Marketing, L.P.,* 603 F.3d 295, 297(5th Cir. 2010)(quoting *Williamson v. Tucker,* 645 F.2d 404, 413 (5th Cir. 1981)).   The party asserting federal court jurisdiction "constantly bears the burden of proof" to show that jurisdiction exists. *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001)(citations omitted).

III.  The Court Lacks Jurisdiction over Plaintiff's Claims

Plaintiff brings the instant action challenging the negative credible-fear determination and her Order of Expedited Removal to Nicaragua. By way of background, the Expedited Removal Process applies in the following situation:

> Expedited removal applies when an alien found inadmissible by an immigration officer is encountered within 100 miles of the border and cannot show he was physically present in the United States continuously for the 14 days before being encountered.  Under expedited removal, an immigration officer may "order the alien removed from the United States without further hearing or review." Before removal, however, the immigration officer poses various questions to the alien, including the four in Form I-867B:

> > Why did you leave your home country or country of last residence?

> > Do you have any fear or concern about being returned to your home country or being removed from the United States?
> > Would you be harmed if you are returned to your home country or country of last residence?

> > Do you have any questions or is there anything else you would like to add?

> The Immigration officer records the responses on the form, and requests that the alien sign it under oath, confirming that the answers are true and correct.

> If an alien does not express fear of being returned to his country, Department of Homeland Security regulations require that the alien be advised of the charges against him and the details on his "identity, alienage, and inadmissibility," and that he be provided "an opportunity to respond" to the charges. . . . . If the alien is from a non-contiguous country, CBP transfers the alien to ICE, which deports the individual.

But if an alien under expedited removal proceedings conveys an intent to apply for asylum or expresses a fear of persecution in his home country, all removal proceedings must stop "until the alien has been referred" for a credible fear interview before an asylum officer. CBP makes no determinations on the merits of a credible fear interview, and does not conduct such interview. Most aliens who require a credible fear interview await transfer to ICE custody and are then interviewed at an ICE facility. Once CBP transfers an alien to ICE custody, CBP's responsibility as to the care and custody of that alien ends.

An alien who requires a credible fear interview receives a Form M-444, "Information About Credible Fear Interview", which describes the interview process and the alien's rights. The alien has the "right to consult with other persons prior to the interview and any review thereof at no expense to the United States Government" and "the right to request that an immigration judge review the asylum officer's credible fear determination. Form M-444 also notifies the alien of the "consequences if the asylum officer determines the absence of a credible fear of persecution or torture".

CBP does have the authority, with approval from its headquarters, to release individuals from CBP custody with a Notice to Appear. However, this release mechanism does not typically apply to those under expedited removal proceedings.

*Rosa v. McAleenan*, No. 1:19:CV-00138 (lead), 2019 WL 5191095, at *2-3 (S.D.Tex. Oct. 15, 2019)(footnotes omitted). Put simply, an expedited-removal order permits immigration officers to remove an arriving alien "without further hearing" unless the alien expresses "a fear of persecution." 8 U.S.C. § 1225(b)(1)(A). Here, Plaintiff expressed no fear of returning to Nicaragua during her credible-fear interview. *See* Document No. 1, Exhibit 3: I-867A & I-867B. Therefore, an Order of Expedited Removal was issued against Plaintiff on March 10, 2018, pursuant to section 235(b)(1) of the Immigration and Nationality Act ("INA"), 8 U.S.C. 1225(b)(1).

"In October 1996, Congress passed the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), 100 Stat. 3009-546 (1996), substantially limiting judicial review of the Attorney General's Removal Orders. 'When Congress enacted IIRIRA, it adopted a number of rules which fall with an implacable, and perhaps unintended, harshness on some aliens."

5

*Perinpanayagam-Rasamani v. Peterson.* Civ. No. B-11-38, 2011 WL 13340548 at *6 (S.D.Tex. Mar. 18, 2011), *report and recommendation adopted by* 2011 WL 13340549 (S.D.Tex. July 5, 2011)(citations omitted). *See* 8 U.S.C. § 1225(b)(1) (expedited removal procedures); 8 U.S.C. § 1252(e) (judicial review of expedited removal orders).

8 U.S.C. § 1252 governs the scope of judicial review of expedited-removal orders. Section 1252(e)(1) provides that no court may enter "declaratory, injunctive, or other equitable relief in any action pertaining to an order to exclude an alien in accordance with section 1225(b)(1) of this title except as specifically authorized in a subsequent paragraph of this subsection." Section 1252(e)(2) provides that judicial review of any determination made under section 1225(b)(1) is available in habeas corpus proceedings, and the Court's inquiry is limited to three matters enumerated in § 1252(e)(2)(A)-(C). This includes a determination whether the petitioner is an alien; whether the alien was ordered removed; and whether the petitioner can prove by a preponderance of the evidence that he is lawfully admitted for permanent residence, has been admitted as a refugee, or has been granted asylum. *Id.* § 1252(e)(2)(A)-(C).; *see also* § 1252(e)(5). Systemic challenges to the legality and constitutionality of the expedited removal regime may be brought only in the United States District Court for the District of Columbia within sixty days of the implementation of the challenged regulation or provision. *Id.* § 1252(e)(3)(A)-(B). For purposes of Plaintiff's claims, "Section 1252 states, in pertinent part, that, except as provided in subdivision (e), "no court shall have the jurisdiction to review . . . the application of [§ 1225(b)(1)] to individual aliens, including the [credible-fear] determination made under [§ 1225(b)(1)(B)]." 8 U.S.C. § 1252(a)(2)(A)(iii).[2]

---

[2] Plaintiff's reliance on the NTA to create a right to a hearing before an Immigration Judge to challenge the purported erroneous negative credible fear determination is misplaced. A NTA is not issued in a Expedited Removal because an alien is not entitled to a hearing before an

Regardless of how Plaintiff characterizes her claims as being under the APA or Mandamus Act, this Court does not have jurisdiction to consider challenges to negative credible-fear determinations when an alien is removed under an Order of Expedited Removal. "The APA provides judicial review for '[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statue." *Hinojosa v. Horn*, 896 F.3d 305, 310 (5th Cir. 2018, *cert. denied*, 139 S.Ct. 1319 (2019))(quoting 5 U.S.C. § 701(a). But judicial review under the APA is  unavailable when other statutes "preclude judicial review." *See* 5 U.S.C. § 701(a) As discussed above, § 1252(a)(2)(A)(iii) expressly precludes judicial review of a credible-fear determination that was made in the expedited removal process.  Thus, the Court lacks jurisdiction to consider Plaintiff's APA claim.  *See Shah v. Director for Jackson Parish Correctional Center*, No. 3:19-cv-1165 (W.D.LA. Sept. 6, 2019), 2019 WL 4254139 at * 2.  The Court likewise has no jurisdiction under the Mandamus Act to consider Plaintiff's challenge to a negative credible-fear determination in an Expedited Removal. *See Abanov v. Gonzales*, No. Civ. A. H-06-3725, 2007 WL 2872765, at *1 (S.D. Tex. Sept. 28, 2007)("Finally, the court notes that section 1252 expressly precludes judicial review notwithstanding section 1361 (Mandamus Act) or any other provision of law.").Finally, the Declaratory Judgment Act, which authorizes a federal court to "declare the rights and other legal relations of any interested party seeking such declaration," is merely a procedural device and does not create any substantive rights or causes of action.  *See* 28 U.S.C. § 2201(a); *Harris Cty., Tex. v. MERSCORP Inc.*, 791 F.3d  545, 552 (5th Cir.2015). Because Plaintiff was

---

Immigration Judge and is detained.  *See* 8 C.F.R. § 235.3(2)(ii-iii).  A NTA may be canceled if it was improvidently issued.  *See* 8 C.F.R. § 239.2(6).  Here, Defendants moved to cancel the NTA as improvidently granted.  In granting the Motion, the Immigration Judge observed that at the time Plaintiff had been granted a bond, "DHS counsel did not inform the Court that Respondent was subject to expedited removal."  (Document No. 1, Exhibit 6, n. 1).

7

issued an order of expedited removal under 8 U.S.C. § 1225(b)(1), and the Court lacks jurisdiction

to consider Plaintiff's substantive claims relating to the credible-fear determination, her claim for

declaratory relief should also be dismissed. *See Rogers v. Ingolia*, 424 F.Appx 283, 288 (5th Cir.

2011), *cert. denied*, 565 U.S. 918 (2011)("[T]he Declaratory Judgment Act is not an independent

ground for jurisdiction; it permits the award of declaratory relief only when other bases for

jurisdiction are present.")(quoting *Wolcott v. Sebelius*, 635 F.3d 757, 767 (5th Cir. 2011)).

In sum, because Plaintiff was issued an order of expedited removal under 8 U.S.C. § 1225(b),

this Court lacks jurisdiction over all of Plaintiff's claims challenging the negative credible-fear

determination. *See Rodrigues v. Mcaleenan*, No. 3:20-CV-139-B, ___F.Supp.3d___, 2020 WL

363041 (N.D.Tex. Jan. 22, 2020)(Court found no jurisdiction over Plaintiff's claims challenging the

constitutionality and legality of 8 C.F.R. § 208.13(c)4), the procedures used in his asylum hearings,

and the determinations made by the asylum officer and Immigration Judge brought under the APA,

INA, or Declaratory Judgment Act where Plaintiff had been issued an order of expedited removal)

; *Nianga v. Wolfe*, No. 3:20-CV-146-G, ___F.Supp.3d___, 2020 WL 415927 (N.D.Tex. Jan. 27,

2020)(same); *Shah*, 2019 WL 4254139 (Court found no jurisdiction under § 1225(e)(2) for plaintiff's

alleged procedural-due-process violations to the expedited removal procedures used in his case).

Defendants' Motion to Dismiss should be granted.

### IV.  Conclusion and Recommendation

Based on the reasons set forth above, the Magistrate Judge RECOMMENDS that Defendants'

Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) (Document No. 6) be GRANTED.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented

parties of record.  Within 14 days after being served with a copy, any party may file written

objections pursuant to 28 U.S.C. § 636(b)(1)(C), Fed.R.Civ.P. 72(b), and General Order 80-5, S.D.

Texas.   Failure to file objections within such period shall bar an aggrieved party from attacking

factual findings on appeal.   *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir.

1982) (en banc).   Moreover, absent plain error, failure to file objections within the fourteen-day

period bars an aggrieved party from attacking conclusions of law on appeal.   *Douglass v. United*

*Serv. Auto Assn,* 79 F.3d 1415, 1429 (5th Cir. 1996).   The original of any written objections shall

be filed with the United States District Court Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this _6ᵗʰ_ day of _February_ , 2020

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE